Per Curiam.
 

 In this case the plaintiff produced
 
 a
 
 grant for the land in contest, which is older than the defendants, and on legal principles would entitle him to recover the land, if not barred by seven years possession. Our practice, however, has carried questions of this kind back of the grant,
 
 to
 
 the entry. Whenever this is done, we must consider ourselves governed by the same principles as we are in a court of equity. The moment we leave the grant and recur to the entry, we get into a field of equity, and must be governed by its principles. It is insisted by the defendant, that when his land was run out by the surveyor, he could not run further to the east and north, than he did, on account of older claims, which the surveyor was
 
 ex officio
 
 bound to respect, and bound his survey on, if he knew of them ; that not finding a sufficient quantity of vacant land to the east and north, the surveyor made up the deficiency by including it to the west, the land there never having been entered, and the surveyor could not be presumed to know that the plaintiffs survey had taken it in, as no grant had issued to the father of the plaintiff, nor any record made of the survey. Under all the circumstances of the case, this reasoning seems to be correct.
 

 Had the plaintiff proved, that the surveyor of his land was prevented from running to the east and south by older claims, so as to be able to get his quantity, and by these older claims was thrown upon the west and north of his entry, the question would have been entirely different, and we should be inclined to think, in that case, the plaintiff would hold against the defendant. That question, howe
 
 *353
 

 ver,
 
 does not occur in this case. As it respects the duty of surveyors in running out lands, having regard to older claims, see 1779, c. 4, s. 7. 1784, c. 14, s. 7. 1 Sessn. 1779. c.
 
 6.
 
 s. 6.
 

 On the part of the plaintiff it has been insisted,that the persons its possession of the land under the grant of the defendant, ought to shew leases, otherwise their possession can have no effect on the operation of the statute of limitations.
 

 This proposition is not acceded to; the possession of a tenant at will, by parol or writing, is the possession of the grantee, and consequently available under the statute. It is sufficient if the possession was not tortious or adverse. In the case of Hampton’s lessee vs. M'Ginnis, at Jonesborough, it is understood the court were of opinion, that it was not necessary for the defendant to deraign a connected title to himself from the original grant ; the statute might be available without it. Though this has
 
 been
 
 brought into view in the argument, there is necessity to say any any thing, further on the ground.-Whenever the statute of limitations begins to run, the intervention afterwards of any of the disabilities mentioned in the 4th section, will not stop or impede its progress. It will continue to run uninterruptedly, until the expiration of seven years.
 
 *
 

 Verdict for the defendant.
 

 *
 

 3 Binn. 374. 1 John. 165. 2 Hay 5-6.